May Term,
1854.

KELLER
v.
DUNCAN.

all cases of delinquency and neglect, the Courts will presume in favor of the ward and against the guardian, as strongly as the facts will warrant.

It is contended that the Court below erred in suppressing that part of Mrs. *Cory's* deposition, which related to the amount of moneys received by *Jennings* as guardian. Had Mrs. *Cory* proceeded legally to sell the realty as administratrix, and disposed of the proceeds according to law, the records of the proper Court would have shown how much money she had paid to *Jennings* as guardian, after the administration was closed. This she did not do. The heirs were the owners of the real estate, and are not to be charged at the pleasure of the executor or administrator with debts. *Mooers* v. *White et al.*, 6 Johns. C. R. 360. As against the heirs, or either of them, her evidence was clearly inadmissible. Nor was she, in any sense, either individually or in her fiduciary capacity, a party or privy, so as to entitle her admissions to the character of evidence. She stood in no such relation that either what she said or did could bind the heirs. She could only affect their rights by a judicial proceeding in substantial conformity to the statute. Her evidence was correctly excluded.

*Per Curiam.*—The decree is affirmed, with 2 per cent. damages and costs.

*R. C. Gregory, J. Pettit* and *S. A. Huff*, for the appellant.

*G. S. Orth, E. H. Brackett* and *H. W. Chase*, for the appellees.

---

KELLER and Others *v.* DUNCAN.

Monday,
June 12.

ERROR to the *Wabash* Circuit Court.

*Per Curiam.*—The judgment in this case is affirmed with costs, for the reasons given in *Keller* v. *Duncan, ante,* p. 243.

*D. M. Cox*, for the plaintiffs.

*J. M. Wheeler*, for the defendant.